IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| TERRIE A. THOMPSON, | ) |
| Plaintiff, | ) No. C09-160-EJM |
| vs. | ) ORDER |
| MICHAEL J. ASTRUE,<br>Commissioner of Social Security, | ) |
| Defendant. | ) |

Plaintiff brings this action seeking judicial review of the Commissioner's denial of her application for supplemental security income and social security disability benefits. The briefing schedule concluded on August 16, 2010. The court has jurisdiction pursuant to 42 USC §405(g). Reversed and remanded for further consideration.

Claiming an onset date of April 5, 2003, plaintiff alleges disability due to impairments including two unsuccessful shoulder surgeries, and neck problems related to cervical radiculopathy. Plaintiff asserts the Administrative Law Judge (ALJ) erred in failing to afford appropriate weight to the opinion of her treating physician, and failed to properly evaluate her subjective allegations. Accordingly, she asserts that the Commissioner's decision is not supported by substantial evidence on the record as a whole.

> [R]eview of the agency decision is limited to whether there is substantial evidence on the record as a whole to support the [Commissioner's] decision. This requires [the court] to do more than

> merely parse the record for substantial evidence supporting the [Commissioner's] decision. [The court] also must consider evidence in the record that detracts from the weight of the decision. Substantial evidence is less than a preponderance, but enough so that a reasonable mind might find it adequate to support the conclusion.

Robinson v. Sullivan, 956 F2d 836, 838 (8th Cir. 1992) (internal citations omitted).

The ALJ found plaintiff's severe impairments included left rotator cuff tendinopathy status post two left shoulder surgeries with complaints of chronic shoulder pain, Madelung's deformity of the right dominant arm, and degenerative disc disease of the cervical spine, but further found that plaintiff was able to engage in substantial gainful activity. While the ALJ gave little weight to the views of plaintiff's treating physician, Dr. Hilliard, upon review of the record it is the court's view that the limitations noted by Dr. Hilliard are neither inconsistent with his treatment notes, nor inconsistent with the views of other treating physicians. Accordingly, the ALJ's decision is not supported by substantial evidence on the record as a whole. This matter shall be remanded for further consideration giving Dr. Hilliard's opinion the weight to which it is entitled, and reconsideration of plaintiff's subjective allegations in accordance therewith.

It is therefore

ORDERED

Reversed and remanded for further consideration in accordance herewith.

October 22, 2010.

                                        Edward J. McManus, Judge
                                        UNITED STATES DISTRICT COURT